STATE EX REL. CONWAY vs. DONALD and others, Commissioners of Public Lands.

*November 17—December 5, 1916.*

*Supreme court: Original jurisdiction: School districts: Indebtedness: Change of boundaries:* Certiorari.

1. A proceeding by writ of *certiorari* to review the action of the commissioners of public lands in refusing their consent to an order made by the state superintendent transferring to another district 120 acres of land owned by the relator and included in a school district which is indebted to the state trust funds, does not involve any material interest of the people at large, and the supreme court therefore declines to exercise its original jurisdiction therein.

[2. Whether *certiorari* is the proper remedy, and whether in this case the commissioners abused their discretion, not decided.]

CERTIORARI to the commissioners of the public lands.

On the 19th day of January, 1916, the state superintendent of public instruction made an order transferring 120 acres of land owned by the relator, *James E. Conway,* from school district No. 1 of the town of Fountain Prairie and the village of Fall River, and attaching the same to district No. 3

of the town of Calamus, Dodge county, and of the town of Fountain Prairie, Columbia county. District No. 1 was then indebted to the state trust funds in the sum of $14,000.

Sec. 258d, Stats., provides that in such case of indebtedness all the property in the district shall stand chargeable with the payment thereof and that the boundaries of such district shall not be changed or altered so as to exclude therefrom any land included therein at the time of making the loan until such loan is paid, without the consent of the commissioners of public lands. The relator filed with the defendants his application for such consent. It appeared from the application that the total assessed valuation of the property in district No. 1 was $609,597 and the value of the land transferred $6,700. The land commissioners met and heard the application and consent was refused.

This is a proceeding by *certiorari* to review the action of the defendants in refusing their consent.

For the plaintiff there was a brief by *Brossard & Zeidler,* and oral argument by *E. E. Brossard.*

For the defendants there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

KERWIN, J. The first question presented is whether this court should take jurisdiction of the case. It is quite obvious that the case is one of private interest. The plaintiff desires to have 120 acres of his land relieved from the burden of indebtedness to the trust fund. It appears from the record that the trust fund is secure whether the 120 acres are detached or not, because the balance of the property is ample security.

We cannot see from the record that the public has such an interest in the controversy as to require this court to take original jurisdiction of the case. We think the instant case does not fall within the rule of any of the cases cited by

plaintiff.    This court in the *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, reviewed at length the cases in which this court had exercised original jurisdiction, and on page 498 lays down the rule as to what cases it will take original jurisdiction of.

This case does not fall within any of the cases there referred to unless it be a case where "a state officer declines to perform a ministerial duty, in the performance of which the people at large have a material interest." It seems plain that the people at large have no material interest in the case before us. Whether the property of the plaintiff is detached from district No. 1 and attached to school district No. 3 is a matter in which the people at large have no material interest. It follows, therefore, that this court ought not to take original jurisdiction of the instant case.

We desire in passing to call attention of counsel to two propositions: First, Is *certiorari* the proper remedy? and second, Can it be said upon the undisputed facts in the case that the defendants abused their discretion in refusing consent to change the district boundary? It would seem on the record before us at least very doubtful whether *certiorari* is the proper remedy. However, we do not decide either of these propositions, but suggest them for consideration in case of further litigation.

*By the Court.*—The court declines to take jurisdiction of the case, and the writ is therefore dismissed without prejudice to such other proceedings as the plaintiff may be advised to institute in the proper court. No costs are allowed either party, except that plaintiff pay the clerk's fees.